**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MITCHELL E. PIETRYGA,

    Plaintiff,

v.                                             Case No. 19-11402

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION,**
**GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT, AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This is a Social Security appeal stemming from the denial of disability benefits. The case was referred to Magistrate Judge Patricia T. Morris for report and recommendation ("R&R") on the cross-motions for summary judgment filed by Plaintiff Mitchell Pietryga and Defendant Commissioner of Social Security. The Magistrate Judge recommended granting Defendant's motion and affirming the denial of benefits. Plaintiff timely filed two objections to the R&R. (ECF No. 17.) After reviewing the R&R and the relevant papers, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the well-reasoned R&R, the court will overrule Plaintiff's objections, deny Plaintiff's motion, grant the Commissioner's motion, and adopt the R&R in full.

**I. STANDARD**

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II.  DISCUSSION

Plaintiff raises two objections to the R&R. First, Plaintiff challenges the Magistrate Judge's proposed finding that the ALJ did not err in her consideration of the testimony of Plaintiff's father. Second, Plaintiff challenges the Magistrate Judge's analysis of the opinion of Dr. Gall, Plaintiff's treating phycologist, as an inaccurate reflection of the record. For the reasons explained below, the court is not persuaded by either objection.

### A. Plaintiff's First Objection

Plaintiff first argues that Magistrate Judge's proposed finding that the ALJ did not err by failing to weigh the testimony of Plaintiff's father is inconsistent with the Sixth Circuit precedent. Specifically, Plaintiff argues that remand is warranted because "if lay witness testimony is provided, the ALJ cannot disregard it without comment, and must give reasons for not crediting the testimony that are germane to each witness." *Maloney v. Comm'r of Soc. Sec.,* 480 F. App'x 804, 810 (6th Cir. 2012) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996)). Defendant counters that the ALJ considered the testimony of Plaintiff's father and provided sufficient reasons for discounting his testimony. (ECF No. 14, PageID.435.)

The court agrees with the proposed finding of the Magistrate Judge that the ALJ properly considered the testimony of Plaintiff's father. While Plaintiff may have preferred more detailed analysis from the ALJ, such levels of specificity are not required:

> it is well settled that an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

The Magistrate Judge detailed the degree to which the ALJ engaged with the father's testimony. (ECF No. 16, PageID.475–78.) As explained in the R&R, the ALJ briefly summarized the testimony of Plaintiff's father in which he testified that Plaintiff experiences "sensory overload" during stressful situations. (ECF No. 9, PageID.49.) The ALJ then noted that such symptoms are consistent with Plaintiff's medically determinable impairments, but the ALJ ultimately found the testimony regarding the

intensity, severity, and persistence of Plaintiff's symptoms to be "not entirely consistent" with the medical evidence. (*Id.*) In so doing, the ALJ assigned more weight to the medical evidence than the lay testimony of Plaintiff's father. Such a degree of consideration for lay testimony is more than sufficient. For example, in *Griffith v. Comm'r of Soc. Sec.,* the court held that although the ALJ made no mention of the testimony of the plaintiff's mother, the ALJ did not commit a reversible error because the ALJ implicitly provided a rationale for rejecting the testimony by assigning "significant weight" to the medical experts. *Griffith v. Comm'r of Soc. Sec.*, No. 12-cv-15079, 2014 WL 1213257, at *20 (E.D. Mich. Feb. 14, 2014) (Michelson, M.J.), *R&R adopted* (E.D. Mich. Mar. 24, 2014); *see also Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 842 (6th Cir. 2005) ("Given the ALJ's lengthy discussion of the lack of objective evidence supporting these claimed physical limitations, we find that the ALJ's failure to mention specifically the mother's letter is not reversible error."). The ALJ in the instant case specifically mentioned the testimony of Plaintiff's father in which he discussed the intensity of Plaintiff's symptoms and then explained that such testimony was not supported by the medical evidence. The court finds no error with this approach.

Moreover, as the Magistrate Judge correctly observed, at least some of the father's testimony—particularly his testimony relating to Plaintiff's ability to follow written instructions—could also support the ALJ's decision. (ECF No. 16, PageID.477.) Thus, the ALJ did not err in failing to assign any particular weight to the testimony of Plaintiff's father. *See Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("The testimony

of lay witnesses, however, is entitled to perceptible weight only if it is fully supported by the reports of the treating physicians."). The court will overrule Plaintiff's first objection.[1]

## B. Plaintiff's Second Objection

Plaintiff next argues that Magistrate Judge's analysis of the opinions of Dr. Gall—Plaintiff's treating psychologist—is not an accurate reflection of the record. The ALJ provided three reasons for affording little weight to the opinion of Dr. Gall: (1) his opinion regarding Plaintiff's ability to adjust to a competitive work atmosphere was "purely speculative as it [was] not verified by the clinical findings, which were consistently benign," (2) his follow-up letter was "generated in an effort to bolster" Plaintiff's claims, and (3) his assessment was inconsistent with Plaintiff's daily living activities and hobbies, ability to function at college, and social independence. (ECF No. 9, PageID.50.) Plaintiff's second objection challenges these first two justifications for discounting Dr. Gall's opinion.

With respect to the ALJ's first justification, Plaintiff takes issue with ALJ's use of the word "speculative" in describing Dr. Gall's opinion. (ECF No. 17, PageID.493–94.) Plaintiff argues that the Agency's internal guidance provides that speculation is permissible by medical providers. (*Id*.) But on this point, Plaintiff misconstrues the record. The ALJ did not state that Dr. Gall was prohibited from speculating as to Plaintiff's condition but rather that Dr. Gall's opinion was "speculative" because it was

---

[1] The court also observes that given the weight of the conflicting medical evidence in support of the ALJ's findings, even if the ALJ did not properly consider the father's testimony, such error would be harmless. *See Maloney*, 480 F. App'x at 810 (quoting *Stout v. Comm'r of Soc. Sec.,* 454 F.3d 1050, 1056 (9th Cir. 2006) ("[E]ven if the ALJ erroneously disregards a lay witness's testimony, the error is harmless if 'no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'")).

not "verified by clinical findings, which were consistently benign." (ECF No. 9, PageID.50.) Read in proper context, the ALJ does not discount Dr. Gall's opinion simply because he speculated as to Plaintiff's functional limitations. Rather, the ALJ properly considered the inconsistency between Dr. Gall's opinion and the medical evidence. *See* 20 C.F.R. § 416.927(c)(3)(4) (explaining the proper considerations for evaluating opinion evidence).

Next, Plaintiff contends that the ALJ and Magistrate Judge erred in viewing Dr. Gall's "follow-up letter" as an improper bolstering attempt. (ECF No. 17, PageID.493.) In his Mental Residual Functional Capacity ("RFC") analysis, Dr. Gall opined that Plaintiff had only mild to moderate limitations in all areas except for his ability to set realistic goals and tolerate normal levels of stress. (ECF No. 9, PageID.371-374.) In those two areas, Dr. Gall found Plaintiff to have "marked" and "extreme" limitations respectively. (*Id*. at PageID. 374.) Despite these unremarkable initial findings, a mere one week later, Dr. Gall submitted a follow-up letter stating that Plaintiff could not function in a competitive work environment without additional support and accommodations. (ECF No. 9, PageID.388.) Plaintiff's present objection notwithstanding, the court agrees with the Magistrate Judge that the temporal proximity between Dr. Gall's initial assessment and his "follow-up letter" detracts from the credibility of his opinion.

Moreover, Plaintiff fails to address the ALJ's third justification for discounting the opinion of Dr. Gall; that his opinion was inconsistent with Plaintiff's activities of daily living. This justification alone could suffice for the ALJ to discount the opinion of Dr. Gall. *See Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) ("The ALJ reasonably explained that he gave little weight to Proehl's opinions . . . because the

assessment . . . conflicted with Miller's treatment records and other evidence demonstrating that he was able to engage in significant daily activities and . . . maintain part-time employment."); *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 175-76 (6th Cir. 2009) ("Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that opinion."). The court finds that the ALJ provided sufficient justifications for discounting the opinion of Dr. Gall. The court will overrule Plaintiff's second objection.

### III. CONCLUSION

For the reasons stated above, the Plaintiff has not pointed to a sufficient legal basis to depart from the analysis of the R&R or to justify remand. The court will overrule Plaintiff's objections and adopt the R&R in full. Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 17) are OVERRULED and that the R&R (ECF No. 16) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (ECF No. 14) is GRANTED and Plaintiff's motion (ECF No. 13) is DENIED.

s/Robert H. Cleland           /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 26, 2020, by electronic and/or ordinary mail.

s/Lisa G. Wagner           /
Case Manager and Deputy Clerk
(810)292-6522

S:\Cleland\Cleland\HEK\Civil\19-11402.PIETRYGA.ss.RR.LM.2.HEK.docx